**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TINA L. PERRITT,**

        **Plaintiff,**
  vs.                                    Civil Action 2:11-CV-70
                                                    Judge Smith
                                                    Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**OPINION AND ORDER**

Plaintiff in this action seeks review of the decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental income. On December 9, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be reversed and that this action be remanded for further consideration of whether plaintiff's residual functional capacity permits her to perform a significant number of jobs in the national economy. *Report and Recommendation*, Doc. No. 14. This matter is now before the Court on the objections to that recommendation, filed by both plaintiff and the Commissioner. Doc. Nos. 15, 16.

The Magistrate Judge addressed two issues: (1) plaintiff's contention that her impaired cognitive functioning, combined with her other significant impairments, qualifies as mental retardation under Listing 12.05C and (2) plaintiff's contention that the administrative law judge improperly relied on the testimony of the vocational expert because the hypothetical posed to the expert failed to include all of plaintiff's limitations as found by the administrative law judge. In addressing the first issue, the Magistrate Judge concluded that the record provides substantial support for the Commissioner's finding that

plaintiff does not meet or equal Listing 12.05C. Plaintiff objects to that conclusion. In addressing the second issue, the Magistrate Judge concluded that, because the administrative law judge failed to include a limitation to low stress work in the hypothetical posed to the vocational expert, it was error to rely on the testimony of that expert. The Commissioner objects to the recommendation that the action be remanded for further consideration in this regard, taking the position that any error was harmless. The Court will address the parties' positions in turn.

Plaintiff contends that she meets or equals Listing 12.05C, which requires a valid IQ score of 60 through 70, combined with another significant physical or mental impairment and "significantly subaverage general intellectual functioning with deficits in adaptive functioning [that] initially manifested during the developmental period." Plaintiff's contention in this regard relies primarily on the opinion of the consultative psychologist, who reported qualifying IQ scores but who declined to diagnose mental retardation because he had not been provided plaintiff's school records for his review. *Page ID#* 279. In concluding that plaintiff did not meet Listing 12.05C, the administrative law judge relied on the opinions of the state agency psychologists who, having reviewed the documentary evidence, including plaintiff's school records, opined that plaintiff did not meet the Listing. This Court agrees with the Commissioner and the Magistrate Judge that the opinions of the state agency psychologists provide substantial support in the record for the decision of the administrative law judge. Plaintiff's objection to the *Report and Recommendation* is

therefor **DENIED**.

The Commissioner objects to the recommendation that the matter be remanded for further consideration of the vocational evidence. The administrative law judge expressly found that plaintiff's residual functional capacity included a limitation to low stress work. However, in posing the hypothetical to the vocational expert, the administrative law judge failed to include that restriction. *Page ID#* 81. Plaintiff argues that it was error for the administrative law judge to rely on the testimony of the vocational expert under these circumstances. *See Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1235 (6th Cir. 1993)(ALJ may rely on testimony of a vocational expert where the hypothetical includes all limitations in the claimant's residual functional capacity as found by the ALJ). The Commissioner does not disagree that error occurred, but relies on *Shinseki v. Sanders*, 556 U.S. 396 (2009), for the proposition that remand is unwarranted because any such error was harmless.

*Shinseki* held, in the context of a decision under the Veterans Claims Assistance Act of 2000, that reversible error must not be harmless and that the party attacking the agency's determination has the burden of establishing prejudice. *Id*. at 408-09. Although the Sixth Circuit has not addressed the issue, at least one Circuit has held that *Shinseki*'s harmless error analysis also applies to Social Security disability appeals. *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011). A number of district courts, however, have held that – even under *Shinseki* – error at step 5 of the sequential evaluation is not ordinarily harmless. *See, e.g., Bode v. Astrue*, 2011 WL 1304441 (W.D. Okla. April 1, 2011); *Crock v. Astrue*, 2010 WL 264324 (W.D. Pa. July 1,

2010). *But see Gorsich v. Astrue*, 2010 WL 5932371, ** 9-10 (S.D. Ill. July 19, 2010)(failure to include a limitation in the hypothetical was harmless error.)

This Court declines to base its holding on a failure by plaintiff to prove that the admitted error was harmless. First, the Court notes that, in determining whether a claimant can perform a significant number of jobs in the national economy at step 5 of the sequential evaluation of a Social Security claim, the burden is on the Commissioner, not the claimant. Moreover, in making this argument, the Commissioner discusses at length the requirements of different jobs as reflected in the <u>Dictionary of Occupational Titles</u>. Although the vocational expert indicated in passing that her testimony was consistent with that publication, *Page ID#* 82, the administrative record does not expressly discuss that publication or its description of those jobs. In the view of this Court, this vocational analysis is appropriately left to the Commissioner on remand, not to this Court on review of the administrative record. Under these circumstances, the Court concludes that the Commissioner's objection is without merit and it, too, is **DENIED.**

The *Report and Recommendation* is **ADOPTED AND AFFIRMED**. The decision of the Commissioner is **REVERSED** and this action is hereby **REMANDED** for further consideration of whether plaintiff's residual functional capacity permits her to perform a significant number of jobs in the economy.

The Clerk shall enter **FINAL JUDGMENT p**ursuant to Sentence 4 of 42 U.S.C. § 405(g).

*s/George C. Smith*
George C. Smith, Judge
United States District Court